PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AIM LEASING COMPANY, | ) |
| | ) CASE NO. 4:24–CV–02164 |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| UPG ENTERPRISES, LLC, *et al.* | ) **MEMORANDUM OF OPINION AND** |
| | ) **ORDER** |
| Defendant. | ) [Resolving ECF No. 28] |
| | ) |

Pending before the Court is Attorney Larry H. James, Attorney Christopher R. Green, and law firm Amundsen Davis, LLC's Supplemental Motion to Withdraw as Counsel for Defendant Borrmann Metal Center, Inc. ECF No. 28. The motion is granted for the reasons herein.

**I. Background**

This dispute was removed to federal court from the Trumbull Country Court of Common Pleas on December 12, 2024.[1] ECF No. 1. Defendant Borrmann entered consent to joinder and removal on December 19, 2024, at which time Attorney Chistopher R. Green and law firm Amundsen Davis, LLC appeared as its defense counsel. ECF Nos. 4, 5. Attorney Larry H. James appeared as defense counsel on June 17, 2025. ECF No. 27. Attorney Green moved to withdraw as counsel on April 21, 2025, and again on June 13, 2025. ECF Nos. 19, 25. The Court denied both motions. ECF No. 26. A Case Management Conference was held on June 18, 2025, during which the Court ordered Attorney Green and Attorney James to supplement a

---

[1] Case No. 2024 CV 01979.

(4:24–CV–02164)

renewed motion to withdraw with an affidavit articulating their efforts to contact Defendant Borrmann and involve it in this litigation. Minutes of Proceedings [Non–Document] Dated 6/18/25. Attorney Green, Attorney James, and Amundsen Davis, LLC subsequently filed the pending motion and supporting affidavit on July 1, 2025. ECF Nos. 28, 28–4.

## II. Standard of Law

In the Sixth Circuit, an attorney of record may withdraw as counsel only if they: (1) file a motion to withdraw; (2) certify the motion was served on their client; (3) make a showing of good cause for withdrawal; and (4) receive the consent of the district court. See Brandon v. Blech, 560 F.3d 536, 537–38 (6th Cir. 2009). Under the Local Rules,

> [An] attorney of record may not withdraw, nor may any other attorney file an appearance as a substitute for the attorney of record, without first providing written notice to the client and all other parties and obtaining leave of Court. Attorneys from the same firm may file and serve a notice of appearance or substitution for the attorney of record without obtaining leave of Court.

N.D. Ohio Loc. R. 83.9 (2025).

District courts have broad discretion to determine whether to grant a motion to withdraw as counsel and are guided by the applicable rules of professional conduct. See King v. Curtis, 610 Fed. Appx. 534 (6th Cir. 2015); see Id. at 537. Attorneys admitted to the Ohio bar and practicing law in Ohio are governed by the Ohio Rules of Professional Conduct. See Sims v. Charter One Bank, No. 3:10 CV 2941, 2011 WL 6934806, at *2 (N.D. Ohio Dec. 30, 2011). Under Rule 1.16(b) therein,

> [A] lawyer may withdraw from the representation of a client if . . . the client fails *substantially* to fulfill an obligation, financial or otherwise, to the lawyer regarding the lawyer's services and has been given *reasonable* warning the lawyer will withdraw unless the obligation is fulfilled; [or] the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client[.]

2

(4:24–CV–02164)

OH ST RPC Rule 1.16 (emphasis original).

### III. Discussion

Attorney Green, Attorney James, and Amundsen Davis, LLC have: (1) properly filed a motion to withdraw as counsel (ECF No. 28); (2) certified that they provided written notice of withdrawal to Defendant Boorman and all other parties (ECF Nos. 19, 25, 26); and (3) demonstrated good cause to withdraw *via* affidavit (ECF No. 28–4 at Page ID ##: 163–66). Accordingly, the Court finds that:

1. Attorney Christopher R. Green, Attorney Larry James, and law firm Amundsen Davis, LLC are granted leave to immediately withdraw as counsel of record for Defendant Borrmann in Case No. 4:24–CV–02164.

2. Defendant Borrmann, an incorporated entity, may not proceed *pro se* and must be represented by licensed counsel admitted to practice before the Court to proceed.

3. Defendant Borrmann has until on or before October 16, 2025 at 11:59 p.m. EST to have new counsel to file a Notice of Appearance with the Court.

4. Failure by Defendant Borrmann to obtain new counsel and have filed a Notice of Appearance by October 16, 2025 at 11:59 p.m. EST will result in the Court granting Plaintiff's pending Motion for Default Judgment (ECF No. 21) without further notice or hearing.

5. The Clerk of Court is directed to serve a copy of this Order upon Defendant Borrmann's registered agent at:

    CT Corporation Systems
    330 North Brand Boulevard
    Suite 700
    Glendale, California 91203

3

(4:24–CV–02164)

## IV. Conclusion

Attorney Larry H. James, Attorney Christopher R. Green, and law firm Amundsen Davis, LLC's Motion to Withdraw as Counsel for Defendant Borrmann Metal Center, Inc. ([ECF No. 28](#)) is hereby granted. Sections 1–5 in Part II of this order are given full and immediate effect.

    IT IS SO ORDERED.

| | |
|---|---|
| September 17, 2025 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson<br>United States District Judge |