PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| AIM LEASING COMPANY *dba* AIM NATIONALLEASE, | ) ) ) | |
| Plaintiff, | ) ) ) | CASE NO. 4:24-CV-02164 |
| v. | ) ) ) | JUDGE BENITA Y. PEARSON |
| UPG ENTERPRISES, LLC *and* BORRMANN METAL CENTER, INC., | ) ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) ) | [Resolving ECF No. 21] |

The Court considers Plaintiff's Motion for Default Judgment under Fed. R. Civ. P. 55(b). *See* ECF No. 21. Having reviewed all relevant filings, memoranda, and applicable law, the Motion is granted for the reasons herein.

## I. BACKGROUND

This dispute arises from a contract between corporations. Plaintiff AIM Leasing Co. contends that Defendant Borrmann Metal Center, Inc. (assignee of Defendant UPG Enterprises, LLC) failed to pay Plaintiff for vehicles leased, services rendered, and maintenance performed under contract. *See* ECF No. 1–1 at PageID ##: 9–13 ¶¶ 1–29. The Clerk of Court having already entered default due to Defendant Borrmann's failure to appear (ECF No. 18), the Court now weighs the entry of judgment and the extent of damages.

(4:24-CV-02164)

## II. DISCUSSION

### A. Default and Default Judgment

When a defendant fails to plead or otherwise defend a civil suit and that failure is shown by affidavit or otherwise, the clerk shall enter default against them. *See* Fed. R. Civ. P. 55(a). The entry of default establishes liability only for the well-pled allegations in the complaint. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). In claims for sums uncertain, the plaintiff must subsequently move for relief *via* default judgment. *See* Fed. R. Civ. P. 55(b)(2).

This dispute was removed from state court. *See* ECF No. 1. Defendant Borrmann chose not to participate in this federal lawsuit, leading to the entry of default. *See* ECF Nos. 1–1 at PageID ##: 5–8 and 18. Since removal, Defendant Borrmann's (now former) counsel received no communication, documentation, or assistance from their client, prompting their subsequent withdrawal with leave of Court. *See* ECF Nos. 28 at PageID #: 156 and 32. Defendant Borrmann was ordered to obtain new counsel no later than October 16, 2025.[1] *See* ECF No. 32 at PageID #: 188. It disobeyed that mandate.[2] *See AIM Leasing Co. v. UPG Enterprises, et al.*, No. 4:24-CV-02164 (N.D. Ohio filed Dec. 12, 2024). Having failed to answer (ECF No. 1), suffered default (ECF No. 18), and failed to comply with a lawful order (ECF No. 32), default judgment is now warranted against Defendant Borrmann under Fed. R. Civ. P. 55(b)(2).

---

[1] As an incorporated entity, Defendant Borrmann cannot proceed *pro se*. *See* ECF No. 32 at PageID #: 188 ¶ 2.

[2] Defendant Borrmann was instructed that "failure . . . to obtain new counsel and have filed a Notice of Appearance by [October 16, 2025] will result in the Court granting Plaintiff's pending Motion for Default Judgment . . . without further notice or hearing." *See* ECF No. 32 at PageID #: 188.

(4:24-CV-02164)

### B. BREACH OF CONTRACT

Even when victorious on default judgment, a litigant must prove the existence and extent of damages. *See Antoine*, 66 F.3d at 110. To prove the breach of contract claim herein, Plaintiff must show: (1) the existence of a contract; (2) contractual performance by Plaintiff; (3) contractual breach by Defendant Borrmann; and (4) damages or loss therefrom. *See In re Fifth Third Early Access Cash Advance Litig.*, 925 F.3d 265, 276 (6th Cir. 2019). In support of its motion, Plaintiff provided the original contract, its assignment contract, the sworn declaration of its chief operating officer, fixed charge calculation tables, receipts, invoices, and various leasing schedules. *See* ECF No. 21–1 at PageID ##: 88–109. Having already found default judgment appropriate, the Court concludes that these well-pled allegations establish Defendant Borrmann's uncontested liability to Plaintiff for breach of contract with sum certain damages.

Plaintiff and Defendant UPG entered a valid contract (the "Vehicle Service Lease and Addendum") under which Plaintiff provided vehicular leases, maintenance, and services. *See* Vehicle Servs. Lease, ECF No. 1–1 at PageID ## 16–24. That contract was later assigned—in part—by Defendant UPG to Defendant Borrmann (the "Assignment of Lease Agreement.") *See* Lease Assign., ECF No. 1–1 at PageID ##: 26–29. Plaintiff performed their legal obligations by leasing, maintaining, and servicing vehicles to and for Defendant Borrmann. *See* Leased Vehicles Table, ECF No. 1–1 at PageID #: 29 and Svancara Decl., ECF No. 21–1 at PageID ##: 88–91 ¶¶ 1–12. Defendant Borrmann did not pay either the agreed amounts or the fixed charges accruing from repossession.[3] *See* Leased Vehicles Table, ECF No. 1–1 at PageID #: 29 and

---

[3] At the time of default, Defendant Borrmann still leased at least four vehicles from Plaintiff. *See* July 2024 Invoice, ECF No. 21–1, Ex. D–1; August 2024 Invoice, ECF No. 21–1, Ex. D–2; September 2024 Invoice, ECF No. 21–1, Ex. D–3; October 2024 Invoice, ECF No. 21–1, Ex. D–8.

(4:24-CV-02164)

Svancara Decl., ECF No. 21–1 at PageID ##: 90 ¶¶ 8–9, 91 ¶¶ 11–12.  Plaintiff's unopposed filings confirm that Defendant Borrmann is liable for breach of contract in the sum certain amount of $764,374.28 comprised of $30,774.28 in unpaid invoices and $733,600.00 in unpaid fixed charges.  *See* ECF No. 21–1 at PageID #: 92–109.

### III. CONCLUSION

Plaintiff's Motion for Default Judgment (ECF No. 21) is granted.[4]  Judgment shall be entered in favor of Plaintiff AIM Leasing Co. and against Borrmann Metal Center, Inc. in the amount of $764,374.28, plus pre-judgment interest at a rate of 1.5 percent per month from November 1, 2024 and post-judgment interest at the federal statutory rate under 28 U.S.C. § 1961 from the entry of default judgment until the entire amount is satisfied.[5]  A separate entry of judgment shall issue.

IT IS SO ORDERED.

| December 22, 2025 | */s/ Benita Y. Pearson* |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[4] This Order does not bind Defendant UPG Enterprises.
[5] Plaintiff does not seek attorney fees from Defendant Borrmann.  *See* ECF No. 21–2 at PageID #: 110.

4